UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: ) ) |
| A.K., | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Plaintiff American Family Mutual Insurance Company ("American Family") and for its Complaint for Declaratory Judgment pursuant to Rule 57 and 28 U.S.C. § 2201, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff American Family is an insurance company incorporated under the laws of the State of Wisconsin, presently in good standing in the State of Missouri, and is lawfully engaged in the insurance business in the State of Missouri. Plaintiff American Family's principle place of business is located in the State of Wisconsin, at 6000 American Parkway, Madison, Wisconsin 53783.

2. Upon information and belief, Defendant A.K. is a minor child, under the age of 18, who resides in St. Charles County, Missouri.

3. Upon information and belief, Defendant A.K. is the son of the insured,[1] who maintains both a homeowners' policy and umbrella policy with Plaintiff, American Family.

---

[1] American Family is attempting to be vague in identifying the named insured so as not to identify the Defendant minor, A.K., in accordance with local rule 5-2.17.

4. Since Plaintiff American Family is a citizen of Wisconsin and Defendant A.K. is a citizen of Missouri, diversity jurisdiction exists in this case.

5. There is a current case and controversy between the parties to this action. This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 and the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201, to obtain a declaration of American Family Mutual Insurance Company's legal obligations under an insurance policies issued to its insured.

6. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1) and Local Rule 3-2.07 because all defendants are citizens of the State of Missouri and reside in the Eastern Division of the United States District Court for the Eastern District of Missouri.

## FACTS COMMON TO ALL COUNTS

8. That under a policy homeowners' policy of insurance known as Policy No. 24-BK0516-01 ("HO Policy"), American Family insured Defendant providing liability coverage in the amount of $300,000 under the terms, conditions, and endorsements as contained within said Policy. Said Policy had policy period effective dates of August 31, 2012 to August 31, 2013. A copy of said Policy[2] is attached as Exhibit 1 and incorporated by reference.

9. That under an umbrella policy of insurance known as Policy No. 24-UD2452-01 ("Umbrella Policy"), American Family insured Defendant providing liability coverage in the amount of $300,000 under the terms, conditions, and endorsements as contained within said

---

[2] The Policy has been redacted to avoid identifying the minor Defendant. Unredacted copies will be filed under seal.

Policy.  Said Policy had policy period effective dates of May 5, 2012 to June 11, 2013. A copy of said Policy is attached as Exhibit 2 and incorporated by reference.[3]

10. That Defendant A.K. is a defendant in litigation known as **Melinda Person, et. al. v. Panathinaikos F.C. et al.**, Case No. 1411-CC01234, filed in the Circuit Court of St. Charles County, Missouri.  A copy of the Petition is attached hereto, known as Exhibit 3, incorporated herein by reference and is hereinafter known as "Personal Injury Litigation."

11. That within said underlying Personal Injury Litigation, Defendant A.K. is subject to claims for Defamation, Civil Conspiracy of Assault and Battery, and Assault and Battery as a result of A.K.'s interactions with Plaintiff at an out-of-town soccer tournament in Little Rock, Arkansas.

12. That American Family has been called upon to provide indemnification and a defense to Defendant in said underlying Personal Injury Litigation.

13. In addition to the underlying Personal Injury Litigation, Defendant A.K. is also a defendant in litigation known as **Markel Insurance Company v. A.K. et al.**, Case No. 4:15-cv-01152-CEJ, filed in the District Court for the Eastern District of Missouri.  A copy of the Complaint is attached hereto as Exhibit 4, incorporated herein by reference, and is hereinafter known as "Declaratory Judgment Litigation."

14. That within said underlying Declaratory Judgment Litigation, Markel Insurance alleges that the Petition in the underling Personal Injury Litigation was tendered on behalf of Defendant A.K. to Markel for defense and indemnity through Markel's general liability policy whose named insured is the Missouri Youth Soccer Association ("MYSA").  As a result of the tender by Defendant A.K., Markel filed the underlying Declaratory Judgment Litigation against

---

[3] The Policy has been redacted to avoid identifying the minor Defendant.  Unredacted copies will be filed under seal.

Defendant A.K., and others, asking the Court to declare that Markel is not required to defend or indemnify Defendant A.K. in the underlying Personal Injury Litigation.

### COUNT I – DECLARATORY JUDGMENT WITH RESPECT TO HOMEOWNER'S POLICY NO. 24-BK0516-01

COMES NOW Plaintiff American Family Mutual Insurance Company, and for Count I of its Petition Declaratory Judgment against Defendant A.K, states as follows:

15.     Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 14 as more fully set forth above.

16.     That the HO Policy identified as Exhibit 1 contains the following relevant language:

> **DEFINITIONS**
> **The following words in this policy have defined meanings.  They will be printed in bold type.**
>
> **1.  Bodily injury** means bodily harm, sickness or disease.  It includes resulting loss of services, required car and death.
> **Bodily injury** does not include:
> a.  any of the following which are communicable:  disease, bacteria, parasite, virus or other organism which are transmitted by and **insured** to any other person;
> b.  the exposure to any such communicable disease, bacteria, parasite, virus or other organism; or
> c.  emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to the person.
>
> **5.  Insured**
> **a.  Insured** means **you** and, if residents of **your** household:
> (1) **your** relatives; and
> (2) any other person under the age of 21 in **your** care or in the care of **your** resident relatives.
>
> **9.  Occurrence** means an accident, including exposure to conditions, which results during the policy period, in:
> a.  **bodily injury;** or
> b.  **property damage.**
> Continuous or repeated exposure to substantially the same general harmful conditions is considered to be one **occurrence.**

**11. Property Damage** means physical damage to or destruction of tangible property, including loss of use of the property.  Loss of use of tangible property does not include any resulting loss of value of such damaged property.

**14. You** and **your** refer to the person or people shown as the named **insured** in the Declarations.  These words also refer to **your** spouse who is a resident of **your** household.

**LIABILITY COVERAGES – SECTION II**
**COVERAGE D – PERSONAL LIABILITY COVERAGE**
**We** will pay, up to our limit, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.
**Defense Provision.**
If a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice.  **We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.

**EXCLUSIONS – SECTION II**
**Coverage D – Personal Liability and Cover E – Medical Expense** do not apply to:

**1.  Abuse.  We** will not cover **bodily injury** or **property damage** arising out of or resulting from any actual or alleged:
a.  sexual molestation or contact;
b.  corporal punishment; or
c.  physical or mental abuse of a person.

**10. Intentional Injury.  We** will not cover **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured.**

**Coverage D – Personal Liability** does not apply to:
**4.  Punitive Damages.  We** will not cover punitive or exemplary damages.

**CONDITIONS – SECTION II**
The following conditions apply to all of Section II of this policy.

**7.  What You Must Do In Case of Loss.**  In the event of an accident or **occurrence** which this insurance may cover, **you** and any person claiming coverage under this policy must:
a.  give prompt notice to **us** or **our** agent, including:
(1) the identity of the policy and **insured;**
(2) the time, place and circumstances of the accident or **occurrence;**
(3) names and addresses of any claimants and witnesses; * * *
b.  promptly forward to **us** any notice, demand or legal paper relating to the accident or **occurrence;**

 c. at **our** request, assist **us** in * * *
(3) any matter relating to a claim or suit;

**GENERAL CONDITIONS**
Unless otherwise noted, the following conditions apply to all sections of this policy.

5. **Cooperation. You** must cooperate with **us** in performing all acts required by this policy.

 17. That HO Policy No. 24-BK0516-01 does not provide coverage for the allegations and damages asserted in the underlying Personal Injury Litigation in that:

  a. the underlying Petition does not allege an occurrence as defined by the HO Policy;

  b. the loss set forth in the underlying Petition does not meet the definition of "bodily injury" and "property damage";

  c. the underlying litigation seeks punitive damages which are specifically excluded by the HO Policy;

  d. you did failed to report this lawsuit to American Family in a timely manner per the HO Policy language;  and

  e. the loss set forth in the underlying Petition is specifically excluded by the Policy's abuse exclusion, intentional injury exclusion and Violation of Law exclusion.

 18. That HO Policy No. 24-BK0516-01 does not provide coverage for the allegations and damages asserted in the underlying Declaratory Judgment Litigation in that:

  a. the underlying Complaint does not allege an occurrence as defined by the HO Policy;

  b. the loss set forth in the underlying Complaint does not meet the definition of "bodily injury" and "property damage"; and

  c. the loss set forth in the underlying Petition is specifically excluded by the Policy's abuse exclusion, intentional injury exclusion and Violation of Law exclusion.

 19. That this court is empowered to declare the rights and obligations of Plaintiff American Family under the HO Policy; that Plaintiff American Family is entitled to judgment

determining whether coverage exists for any liability of Defendant arising out of the actions filed by the Underlying Plaintiffs against Defendant as asserted in the underlying Personal Injury Litigation and underlying Declaratory Judgment Litigation; that no coverage exists for any claims arising out of the underlying Personal Injury Litigation and underlying Declaratory Judgment Litigation; that Plaintiff American Family is not liable under the HO Policy previously identified as Exhibit 1 to Defendant under the liability portions of said HO Policy; and that Plaintiff American Family has no obligation to defend the Defendant in the underlying Personal Injury Litigation and underlying Declaratory Judgment Litigation filed by the Underlying Plaintiffs, or in any other action arising out of the claims referenced in the underlying Personal Injury Litigation and underlying Declaratory Judgment Litigation or that Plaintiff American Family has the duty to investigate, pay costs or expenses of Defendant in any litigation or claim arising out of the circumstances previously set forth.

**WHEREFORE**, Plaintiff American Family Mutual Insurance Company respectfully prays this Honorable Court issue its order declaring that no coverage exists under Homeowner's Policy No. 24-BK0516-01 for any liability of Defendant which may be found against Defendant in any present or future claim or litigation arising out of the incidents more particularly described in the underlying Personal Injury Litigation known as **Melinda Person, et. al. v. Panathinaikos F.C. et al.**, Case No. 1411-CC01234, filed in the Circuit Court of St. Charles County, Missouri; that his Honorable Court issue its order declaring that no coverage exists under Homeowner's Policy No. 24-BK0516-01 for any liability of Defendant which may be found against Defendant in any present or future claim or litigation arising out of the incidents more particularly described in the underlying Declaratory Judgment Litigation known as **Markel Insurance Company v. A.K. et al.**, Case No. 4:15-cv-01152-CEJ, filed in the District Court for the Eastern District of

Missouri; that Plaintiff American Family Mutual Insurance Company is not liable to Defendant under the aforementioned Homeowner's Policy; that Plaintiff American Family Mutual Insurance Company is not liable under the Policy previously identified to defend, investigate, pay costs or expenses of Defendant in any present or future claim or litigation filed by the Underlying Plaintiffs; and that Plaintiff American Family Mutual Insurance Company further prays for its costs and attorneys' fees expended herein along with any such further orders this Honorable Court deems just and proper under the circumstances.

## COUNT II – DECLARATORY JUDGMENT AS TO UMBRELLA POLICY NO. 24-UD2452-01

COMES NOW Plaintiff American Family Mutual Insurance Company, and for Count II of its Petition Declaratory Judgment against Defendant A.K, states as follows:

20. Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 19 as more fully set forth above.

21. That the Umbrella Policy identified as Exhibit 2 contains the following relevant language:

> **DEFINITIONS**
> **When the following words in this policy have defined meanings, they will be printed in bold type.**
>
> **1. Bodily Injury** means bodily harm, sickness or disease.  It includes required care, loss of services and resulti8ng death.  **Bodily Injury** does not include:
> a.  any of the following which are communicable:  disease, bacteria, parasite, virus or other organism which are transmitted by any **insured** to any other person;
> b.  the exposure to any such communicable disease bacteria, parasite, virus or other organism; or
> c.  emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to a person.
>
> **8. Injury** means **bodily injury, personal injury** or **property damages.**
>
> **9. Insured** means
> a.  The **named insured;**

    b.  **Your relatives;**

**12. Named insured** means the person shown in the declarations and his/her spouse.  The spouse must be a resident of the same household.

**13. Occurrence** means:
a.  Under Personal Liability Coverage, an accident, including continuous or repeated exposure to substantially the same general harmful conditions which results, during the policy period, in **personal injury** and/or **property damage.**

**14. Personal Injury** means:
a.  **Bodily Injury;**
b.  False arrest, detention or imprisonment
c.  Malicious prosecution;
d.  Libel, slander, humiliation or defamation of character;
e.  Invasion of privacy, wrongful eviction or wrongful entry.

**16. Property Damage** means:
a.  Physical harm to tangible property, including all resulting loss of use of that property; or
b.  Loss of use of tangible property that is not physically injured.
**Property Damage** that is loss of use of tangible property that is not physically injured will be deemed to occur at the same time of the **occurrence** that caused it.

**18. Relative** means a resident of **your** household who is:
a.  Related to **you** by blood, marriage or adoption, including **your** ward or foster child;
b.  any other person under the age of 21 who is in **your** care of the care of **your** resident **relative.**

**22. You** and **your** refer to the **named insured** shown in the declarations.  These words also refer to **your** spouse if a resident of **your** household.

**COVERAGES**
**PERSONAL LIABILITY COVERAGE**
**We** will pay, up to **our limit**, compensatory damages for which an **insured** becomes legally liable for **injury** caused by an **occurrence** covered by this policy.  This coverage applies only to damages in excess of the **primary limit.**

**DEFENSE PROVISION**
If a suit is brought against an **insured** for damages because of **injury** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice.

**EXCLUSIONS**
This policy does not cover:

**11. Intentional Injury.  We** will not cover i**njury** caused by or at the direction of any **insured** even if the actual **injury** is different than that which was expected or intended from the standpoint of any **insured.**  This exclusion does not apply to **personal injury** when **your** actions are not fraudulent, criminal or malicious.

**19. Punitive Damages.  We** will not cover punitive or exemplary damages.

**20. Sexual Abuse.  We** will not cover **injury** arising out of or resulting from any:
a.  Actual or alleged sexual molestation;
b.  Corporal punishment; or
c.  Physical or mental abuse of a person by an **insured.**

**CONDITIONS**

**3.  What Must be Done in Case of Loss.**  In the event of an accident or **occurrence** which this insurance may cover, **you** must:
a.  Give prompt notice to **us** or **our** agent, including:
(1) The identity of the policy and **insured;**
(2) The time, place and circumstances of the accident or **occurrence;**
(3) Names and addresses of any claimants and witnesses: * * *
b.  Promptly forward to **us** any notice, demand and legal paper relating to the accident or **occurrence;** * * *
c.  At **our** request, assist **us** in:
(3) Any matter relating to a claim or suit.

    22.    That Umbrella Policy No. 24-UD2452-01 does not provide coverage for the allegations and damages asserted in the underlying Personal Injury Litigation in that:

    a.  the underlying Petition does not allege an occurrence as defined by the Umbrella Policy;

    b.  the loss set forth in the underlying Petition does not meet the definition of "bodily injury" and "property damage";

    c.  the underlying litigation seeks punitive damages which are specifically excluded by the Umbrella Policy;

    d.  you did failed to report this lawsuit to American Family in a timely manner per the Umbrella Policy language;  and

    e.  the loss set forth in the underlying Petition is specifically excluded by the Policy's abuse exclusion, intentional injury exclusion and Violation of Law exclusion.

23. That Umbrella Policy No. 24-UD2452-01 does not provide coverage for the allegations and damages asserted in the underlying Declaratory Judgment Litigation in that:

   a. the underlying Complaint does not allege an occurrence as defined by the Umbrella Policy;

   b. the loss set forth in the underlying Complaint does not meet the definition of "bodily injury" and "property damage"; and

   c. the loss set forth in the underlying Complaint is specifically excluded by the Policy's abuse exclusion, intentional injury exclusion and Violation of Law exclusion.

24. That this court is empowered to declare the rights and obligations of Plaintiff American Family under the Umbrella Policy; that Plaintiff American Family is entitled to judgment determining whether coverage exists for any liability of Defendant arising out of the action filed by the Underlying Plaintiffs against Defendant as asserted in the underlying Personal Injury Litigation and underlying Declaratory Judgment Litigation; that no coverage exists for any claims arising out of the underlying Personal Injury Litigation and underlying Declaratory Judgment Litigation; that Plaintiff American Family is not liable under the Umbrella Policy previously identified as Exhibit 2 to Defendant under the liability portions of said Umbrella Policy; and that Plaintiff American Family has no obligation to defend the Defendant in the underlying Personal Injury Litigation and underlying Declaratory Judgment Litigation filed by the Underlying Plaintiffs or in any other action arising out of the claims referenced in the underlying Personal Injury Litigation and underlying Declaratory Judgment Litigation or that Plaintiff American Family has the duty to investigate, pay costs or expenses of Defendant in any litigation or claim arising out of the circumstances previously set forth.

**WHEREFORE**, Plaintiff American Family Mutual Insurance Company respectfully prays this Honorable Court issue its order declaring that no coverage exists under Umbrella

Policy No. 24-UD2452-01 for any liability of Defendant which may be found against Defendant in any present or future claim or litigation arising out of the incidents more particularly described in the underlying Personal Injury Litigation known as **Melinda Person, et. al. v. Panathinaikos F.C. et al.**, Case No. 1411-CC01234, filed in the Circuit Court of St. Charles County, Missouri; that his Honorable Court issue its order declaring that no coverage exists under Umbrella Policy No. 24-UD2452-01 for any liability of Defendant which may be found against Defendant in any present or future claim or litigation arising out of the incidents more particularly described in the underlying Declaratory Judgment Litigation known as **Markel Insurance Company v. A.K. et al.**, Case No. 4:15-cv-01152-CEJ, filed in the District Court for the Eastern District of Missouri; that Plaintiff American Family Mutual Insurance Company is not liable to Defendant under the aforementioned Umbrella Policy; that Plaintiff American Family Mutual Insurance Company is not liable under the Policy previously identified to defend, investigate, pay costs or expenses of Defendant in any present or future claim or litigation filed by the Underlying Plaintiffs; and that Plaintiff American Family Mutual Insurance Company further prays for its costs and attorneys' fees expended herein along with any such further orders this Honorable Court deems just and proper under the circumstances.

/s/Sean P. Dolan
Robert J. Wulff, EDMo Bar No.: 34081MO
Sean P. Dolan, EDMo Bar No.: 62849MO
EVANS & DIXON, L.L.C.
Attorney for Plaintiff American Family
211 North Broadway, 25th Floor
St. Louis, Missouri  63102
Wulff: (314) 552-4054 (Phone)
Wulff: (314) 884-4454 (Fax)
Dolan: (314) 552-4003 (Phone)
Dolan: (314) 884-4403 (Fax)
rjwulff@evans-dixon.com;
sdolan@evans-dixon.com